# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| NUCLEAR DEVELOPMENT, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION CASE NUMBER: |
| vs. | § § | 5:18-cv-01983-LCB |
| TENNESSEE VALLEY AUTHORITY, | § § | |
| Defendant. | § § | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION FOR STAY OF DISCOVERY

Plaintiff Nuclear Development, LLC submits the following brief in opposition to Defendant's ("TVA's") Motion for Stay of Discovery (Doc. 25):

### SUMMARY OF ARGUMENT

The Court should deny TVA's Motion for Stay of Discovery for the following three reasons:

1. Motions to stay discovery are not favored, and TVA has not satisfied its burden of showing good cause.

2. TVA's cases are distinguishable and not applicable to the allegations of Nuclear Development's Complaint.

3. Staying discovery will delay and disrupt the Court's scheduling order and the normal flow of preparing the case for trial without any compelling reason to do so.

## ARGUMENT

A. <u>Motions to stay discovery are not favored, and TVA has not satisfied its burden of showing good cause.</u>

"Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Reilly v. Amy's Kitchen, Inc.*, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) (citing *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997)); *see also Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) ("Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district."). "Furthermore, there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." *Reilly*, 2013 WL 3929709, at *1 (citing *Ray v. Spirit Airlines, Inc.,* 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012)).

A party moving to stay discovery bears the burden of showing good cause and reasonableness.[1]  *See Great West Cas. Co. v. Firstfleet, Inc.*, 2013 WL 3337283, at *1 (S.D. Ala. July 2, 2013); *Feldman*, 176 F.R.D. at 652.  "The mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay." *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006).  In determining whether a stay is appropriate, courts also consider (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  *Id.*  "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Alexander v. Allen*, 2014 WL 3887476, at *1 (M.D. Fla. Aug. 7, 2014).  While it is not necessary for a court to decide the motion to dismiss to determine whether the motion to stay should be granted, the court must take a "preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Feldman*, 176 F.R.D. at 652.

---

[1] TVA bases its motion on Federal Rule of Civil Procedure 26(c) pertaining to protective orders. That rule requires a showing of "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

With these standards in mind, TVA's motion to stay should be denied. As grounds for the motion, TVA asserts only that its motion to dismiss should be granted, and therefore that discovery should be stayed pending resolution of the motion to dismiss. However, as will be demonstrated in Nuclear Development's opposition brief due February 25, 2019, TVA's motion to dismiss lacks merit and should be denied. Contrary to TVA's assertions in the motion to stay, TVA's motion to dismiss does not present "purely legal questions," but rather presents questions of fact (or, at a minimum, mixed questions of fact and law) inappropriate for resolution by way of a motion to dismiss. Regardless, the Court need not decide the merits of TVA's motion to dismiss in order to deny the motion to stay. TVA's motion to stay is silent on the issues of good cause, reasonableness, and prejudice, and it should be denied because TVA failed to meet its burden under Rule 26(c). *See Centennial Bank v. ServisFirst Bank, Inc.*, 2016 WL 7423139, at *2 (M.D. Fla. March 23, 2016).

B.     TVA's authorities are distinguishable and inapplicable to this Complaint.

The cases cited by TVA in its motion to stay are unavailing for several reasons. First, they all involve procedural postures very different from the present litigation. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (appeal of partial denial of motion to dismiss discrimination claim based on qualified immunity); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) (appeal of default judgment based on defendant's violation of discovery order); *Roman v. Tyco Simplex Grinnell*,

732 Fed. Appx. 813 (11th Cir. 2018) (appeal of dismissal of <u>fourth</u> amended complaint, after the district court had gone out of its way to try to help plaintiff cure the deficiencies in his prior complaints); *Moore v. Potter*, 141 Fed. Appx. 803 (11th Cir. 2005) (appeal of dismissal of <u>second</u> amended complaint in which plaintiff "failed to allege facts remotely sufficient to support the necessary elements . . . for any of his claims.").

Further, the language TVA quotes from these cases is taken out of context, and other language from those cases demonstrates that their holdings are inapplicable to the present litigation.  For instance, the language TVA quoted from *Iqbal* was stated in the context of discussing the fact that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era[.]"  *Iqbal*, 556 U.S. at 678.  Similarly, TVA's quotes from *Chudasama*, *Roman*, and *Moore* all omit the following key language:  "Such a dispute [a facial challenge to the legal sufficiency of a claim] always presents a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true."  *Chudasama*, 123 F.3d at 1367; *Roman*, 732 Fed. Appx. at 815; *Moore*, 141 Fed. Appx. at 807.  As will be shown in Nuclear Development's opposition to TVA's motion to dismiss, TVA's defense is not a purely legal question because it disputes the factual allegations of the Complaint and creates issues of fact not appropriate for resolution on a motion to dismiss.  *See Centennial Bank*, 2016 WL

7423139 at *2 ("it appears that some of Defendant's arguments may be premised on drawing inferences from the allegations that are not favorable to [Plaintiff], which is the incorrect standard of law on a motion to dismiss.").

Finally, TVA's heavy reliance on *Chudasama* is unwarranted for the additional reason that it "does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss." *Alexander*, 2014 WL 3887476, at *1. "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.*; *see also Belloso v. Asplundh Tree Expert, Co.*, 2018 WL 4407088, at *2 n.2 (M.D. Fla. Sept. 17, 2018) (also noting that "[s]ince the Eleventh Circuit handed down *Chudasama*, it has been analyzed on numerous occasions, and courts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion."). The *Chudasama* case involved a "fraud on the market" claim that the Eleventh Circuit found to be "novel," "of questionable validity," and "especially dubious" on its face. *See Chudasama*, 123 F.3d at 1368-69 and n.39. Here, Nuclear Development's plain vanilla breach of contract claim is neither novel nor dubious, and it certainly does not merit staying discovery while the motion to dismiss is pending. *See S.K.Y. Mgmt LLC v. Greenshoe, Ltd.*, 2007 WL 201258, at *1 (S.D. Fla. Jan. 24, 2007) (Because the case was a "straightforward breach of

6

contract and tort case arising from a purchase agreement that went sour[,] . . . the burden on the Defendant here to stop all discovery before its legal defenses are finally resolved is a heavy one.").

      C.    <u>Staying discovery will delay and disrupt the Court's scheduling order and the normal flow of preparing the case for trial</u>.

A stay of discovery would unduly delay and disrupt the scheduling order already entered and the normal flow of preparing the case for trial without any compelling reason to do so. The Court's Initial Order Governing All Further Proceedings (Doc. 19) authorizes the parties to commence discovery immediately after the report of the meeting of the parties pursuant to Rule 26(f) has been filed. (Doc. 19, p.5.) In this case, that would be March 13, 2019, which would be 3½ months after the complaint was filed on November 30, 2018.[2] The Court's Order further informs the parties that the case should be ready for trial within twelve months after the complaint was served. (*Id*. at p.3.) TVA took the full 60 days permitted under Rule 12(a)(2) just to file its motion to dismiss after being served with the complaint. That filing date pushed the commencement of discovery date out to March 13, 2019, leaving only eight more months to prepare the case for trial.

---

[2] The parties have agreed to conduct the Rule 26(f) conference of the parties on February 27, 2018. Under Rule 26(f)(2), the parties are required to file a written report of the meeting within 14 days after the meeting, which would be March 13, 2019. The Court's Order authorizes discovery to begin on that day.

7

Any further delay of discovery in the case is unnecessary and prejudicial. *See Alexander*, 2014 WL 3887476, at *1-2 (finding that "a stay will result in significant prejudice because it would likely not allow the parties time to conduct the necessary discovery before the . . . discovery deadline" and "delaying discovery until the Court rules on the Motion to Dismiss and Strike will cause Plaintiff harm[.]"); *Flecha*, 944 F. Supp. 2d at 1203 ("Plaintiff has correctly pointed out that the time remaining to conduct discovery in this case is short. Should the Court stay discovery only to later deny the pending motion to compel arbitration, it would likely then be required to extend the case management deadlines in this case.").

The parties' initial disclosures under Federal Rule of Civil Procedure 26(a)(1) are also due on March 13, 2019 (the same date that discovery may commence), but TVA's motion makes no mention of staying the initial disclosures requirement. As a practical matter, it makes little sense for the parties to be restricted from initiating discovery requests (such as basic requests for production of documents) at the same time that the parties are identifying witnesses, documents and damages under Rule 26(a)(1). The whole basis of TVA's motion to stay is undermined by the initial disclosures rule.[3]

---

[3] Correspondingly, the burden imposed on a party seeking a stay of the automatic initial disclosures requirement is "a stiff one." *In re Lotus Dev. Corp. Secs. Litig.*, 875 F. Supp. 48, 51 (D. Mass. 1995) ("[T]o make a stay more readily obtainable simply because there is a colorable motion to dismiss, would undermine the spirit of the [initial disclosure] rule[.]")

CONCLUSION

For all of the reasons stated herein, TVA's Motion for Stay of Discovery should be denied.

/s/ Caine O'Rear III
CAINE O'REAR III       (OREAC6985)
HAND ARENDALL HARRISON SALE LLC
P. O. Box 123
Mobile, AL  36601
(251) 432-5511
Fax:  (251) 694-6375
corear@handarendall.com

/s/ E. Shane Black
E. SHANE BLACK       (BLACE7644)
HAND ARENDALL HARRISON SALE LLC
102 S. Jefferson Street
Athens, AL  35611
(256) 232-0202
Fax: (256) 233-2407
sblack@handarendall.com

/s/ Larry D. Blust
Larry D. Blust       (*pro hac vice*)
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2672
Fax: (312) 604-2673
lblust@hsplegal.com

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I do hereby certify that, on February 19, 2019, I filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew H. Lembke
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119

Steven C. Chin
Tennessee Valley Authority
Office of the General Counsel
400 West Summit Hill Drive
Knoxville, Tennessee 37902

David D. Ayliffe
Associate General Counsel
Tennessee Valley Authority
Office of the General Counsel
400 West Summit Hill Drive
Knoxville, Tennessee 37902

                                                              */s/ Caine O'Rear III*