FILED
2019 Feb-26  PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| NUCLEAR DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:18-CV-01983-LCB |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendant Tennessee Valley Authority ("TVA") submits this reply in support of its Motion to Stay Discovery (Doc. 25).  The motion is due to be granted under controlling decisions from the Eleventh Circuit.

Other judges in this District have repeatedly recognized that it is appropriate under controlling Eleventh Circuit precedent to stay discovery while a Rule 12(b)(6) motion to dismiss is pending.  As stated by Judge Lynwood Smith, "it appears that the *only* proper course, when presented with a request to stay discovery pending resolution of a motion to dismiss, is to grant the stay." *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 n.20 (N.D. Ala. 2010) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)) (emphasis in original); *see also Weakley v. Eagle*

1

*Logistics*, 2017 WL 4838862, at *1 (N.D. Ala. Aug. 10, 2017) (H. Johnson, J.) ("The Eleventh Circuit recognizes the need to resolve dispositive motions that may dismiss nonmeritorious claims before discovery begins, avoiding unnecessary costs to the litigants and to the court system." (internal quotations and brackets omitted)).

Although Plaintiff labors mightily to distinguish the controlling Eleventh Circuit cases cited by TVA in its motion that compel entry of the stay, that effort comes up short. This is not the first time that a plaintiff has tried, by citing decisions from other districts, to convince a judge in this District that *Chudasama* does not mean what it says. In *Weaver v. Nat'l Better Living Ass'n*, 2014 WL 1621951, at *1 (N.D. Ala. April 22, 2014) (copy attached as Exhibit A), Judge Hopkins cited a long string of Eleventh Circuit cases relying on *Chudasama* for the proposition that discovery should routinely be stayed pending disposition of a motion to dismiss. As recognized by Judge Hopkins, "[t]he Eleventh Circuit has consistently held that '[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.'" *Id.* (quoting *Redford v. Gwinnett Cty. Jud. Circuit*, 350 Fed. App'x 341, 346 (11th Cir. 2009)). Judge Hopkins also rejected the very argument that Plaintiff makes here, namely, that *Chudasama* and its progeny stand only for the proposition that "courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." (Doc. 27 at 6 (internal quotations

omitted)).  In swatting away that frivolous argument, Judge Hopkins noted—"the Eleventh Circuit has consistently, and recently, interpreted [*Chudasama*] much more broadly, and has never interpreted it in the manner suggested by the plaintiff." *Weaver*, 2014 WL 1621951, at *1.

Plaintiff submits a smorgasbord of arguments in its brief, but none of them comes close to overriding the controlling Eleventh Circuit case law that compels entry of the stay.  For example, Plaintiff relies on a New York district court case for the proposition that the pendency of a motion to dismiss does not provide good cause for the stay of discovery (Doc. 27 at 3), but the Eleventh Circuit has rejected that argument.  As the Eleventh Circuit has held, "'any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'"  *Moore v. Potter*, 141 Fed. App'x 803, 808 (11th Cir. 2014) (quoting *Chudasama*, 123 F.3d at 1368).

There is also no basis for Plaintiff's suggestion that the motion to stay discovery should be denied because TVA's motion to dismiss presents questions of fact or mixed questions of fact and law.  In its opposition to the motion to dismiss, Plaintiff insists that one of its averment in the complaint—that it was not required to obtain NRC approval for TVA to transfer the Bellefonte Site to it—must be taken as true.  (Doc. 28 at 3-4).  But that averment is a naked legal conclusion.  Plaintiff ignores the settled law that legal conclusions contained in a complaint are to be

ignored by a court considering a motion to dismiss. Indeed, the Eleventh Circuit has recognized that "[t]he Supreme Court has held that 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Chapman v. U.S. Postal Serv.*, 442 Fed. App'x 480, 482 (11th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

TVA has established in its motion to dismiss that there are no material disputed facts that preclude dismissal of the case. In establishing the absence of any factual dispute, TVA's motion relies only on the essential, straightforward facts as pleaded in the complaint (including documents attached to the complaint) and facts about which the Court can take judicial notice. Indeed, those are the only types of facts that the Court can consider on a motion to dismiss. *See Weaver*, 2014 WL 1621951, at *2. This Court will readily see that no amount of discovery can alter the basic facts that compel dismissal of the case, which provides additional support for entry of the discovery stay. *See Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

Plaintiff's contention that "the normal flow of preparing the case" will be disrupted by a stay again is completely inconsistent with Eleventh Circuit precedent. (Doc. 27 at 7). As the Eleventh Circuit has made crystal clear, "'neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].'" *Carter v. DeKalb Cty., Ga.*, 521 Fed. App'x 725, 728 (11th Cir. 2013)

4

(quoting *Chudasama*, 123 F.3d at 1367).  Furthermore, Plaintiff's argument that it will be prejudiced by a stay because it might not be able to complete discovery by the discovery deadline is nonsensical—the Court has not even entered a scheduling order yet.

The bottom line is this:  the series of Eleventh Circuit cases beginning with *Chudasama* provides a clear and consistent directive that discovery should be stayed while a motion to dismiss is decided.  Accordingly, this Court should enter the stay.

Respectfully submitted,


*s/ Matthew H. Lembke*
Matthew H. Lembke
Attorney for Defendant

OF COUNSEL

Matthew H. Lembke
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

David D. Ayliffe
Steven C. Chin
OFFICE   OF   THE   GENERAL
COUNSEL
Tennessee Valley Authority
400 West Summit Hill Drive, WT6
Knoxville, Tennessee 37902
Telephone: (865) 632-3052

ddayliffe@tva.gov
scchin@tva.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2019, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record:

Caine O'Rear, III
HAND ARENDALL HARRISON SALE, LLC
Post Office Box 123
Mobile, Alabama  36601
corear@handarendall.com

Edward Shane Black
HAND ARENDALL LLC
102 South Jefferson Street
Athens, Alabama  35611
sblack@handarendall.com

Larry David Blust
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois  60602
lblust@hsplegal.com


_____*s/ Matthew H. Lembke*_____
OF COUNSEL