FILED
2021 Jan-06 AM 10:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2020 Oct-14 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

# James Chardos Declaration

Highlighted Portions Confidential

## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| NUCLEAR DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:18-CV-01983-LCB |
| ) | |
| TENNESSEE VALLEY ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF JAMES S. CHARDOS IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, James S. Chardos, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am an employee of the Tennessee Valley Authority ("TVA"). I have worked on matters involving the Bellefonte Nuclear Plant Site, either part-time or full-time, continuously since 1994, and my current position is site manager for the Bellefonte Nuclear Plant Site. In the regular performance of my job duties, I have access to and am familiar with relevant business records maintained by TVA related to the Bellefonte Nuclear Plant Site. These records were made at or near the time, or reasonably soon after the act, event, or condition recorded. These records are maintained in the ordinary course of TVA's regularly conducted business activity,

which is TVA's customary practice. All facts set forth herein are either (a) facts of which I have personal knowledge; or (b) an accurate summary of TVA's business records, which I have reviewed. All records attached to this Declaration are true and accurate copies from TVA's business records.

2. After TVA and Nuclear Development LLC ("ND") entered into the Bellefonte Nuclear Site Purchase and Sales Agreement ("Agreement") in November 2016, I served as the team leader of the TVA transition team working on the activities necessary for the closing of the sale of the Bellefonte Nuclear Plant Site to occur.

3. Within the first thirty days following execution of the Agreement, I prepared two timelines for ND officials specifying the activities that needed to be completed before closing. On both of those timelines, I showed the transfer of the construction permits for Bellefonte Units 1 and 2 (the "Construction Permits") occurring prior to closing. Copies of the timelines and the emails transmitting the timelines are attached as **Appendix 1**.

4. ND hired SNC-Lavalin as one of its contractors to work on various matters related to the Bellefonte Nuclear Plant, including preparation of a quality assurance plan that would be included in ND's application for transfer of the Construction Permits. The lead person for SNC-Lavalin on the project was Marie

Gillman, with whom I interacted. Ms. Gillman and I reviewed the revised timeline in **Appendix 1**.

5. I listened by telephone to the public meeting conducted by the Nuclear Regulatory Commission ("NRC") on August 14, 2018, concerning issues associated with the upcoming submittal by ND of an application to transfer the Construction Permits from TVA to ND. When ND discussed "licensing activities" that would occur in 2019 related to Bellefonte during that meeting, ND representatives indicated that they were referring to activities that would enable ND to resume active construction on the two units. ND's discussion of "licensing activities" that would occur in 2019 did not include ND's submission of an application to transfer the Construction Permits from TVA to ND. Instead, ND stated during the meeting that it would be submitting its permit transfer application soon after the meeting.

6. At no point prior to November 30, 2018, did TVA management tell the transition team to stop working toward the completion of the activities necessary to close the sale of the Bellefonte Nuclear Plant Site.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Executed: October 9, 2020**

*/s/ James S. Chardos*

/James S. Chardos

3