FILED

2021 Feb-12  PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **NUCLEAR DEVELOPMENT, LLC**, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:18-CV-01983-LCB |
| | § | |
| **TENNESSEE VALLEY AUTHORITY**, | § | **OPPOSED** |
| | § | |
| | § | |
| Defendant | § | |

---

## MOTION OF MEMPHIS PUBLISHING COMPANY TO INTERVENE AND UNSEAL COURT RECORD

---

Counsel for proposed Intervenor Memphis Publishing Company, doing business as *The Commercial Appeal* ("*The Commercial Appeal*"), consulted with counsel for the Defendant on February 8, 2021, and Defendant agrees with in part and opposes in part the relief requested in this Motion. Additionally, counsel for *The Commercial Appeal* consulted with counsel for Plaintiff by email on February 3 and 9, 2021, and Plaintiff has not yet indicated whether it agrees with or opposes this Motion.

Under Fed. R. Civ. P. 24(a)(2) and (b)(1)(B), *The Commercial Appeal* moves the Court: (1) for permission to intervene in this action for the limited purpose of presenting this Motion; (2) to unseal all documents

filed in this action and now under seal; and (3) to enter upon the record a decision stating the grounds for closure as to any document filed in this action that the Court decides not to unseal. In support of this Motion, *The Commercial Appeal* states as follows:

## FACTS

1.      *The Commercial Appeal* is a daily newspaper of general circulation throughout Memphis, Tennessee, and the surrounding area.

2.      One of *The Commercial Appeal*'s reporters, Samuel Hardiman, has unsuccessfully attempted to access certain documents filed in this action, but has been unable to access them because they are under seal and not visible or available to the public.

3.      With respect to the documents filed or entered in this action that are today under seal, *The Commercial Appeal* is aware of text orders that authorized the filing of those documents under seal, but those orders did not state the grounds for sealing these records, and *The Commercial Appeal* is unaware of any grounds for sealing them.

4.      On July 1, 2019, this Court entered a Protective Order (ECF 47), which provided that "[a]ll briefs, motions and other papers containing, referring to or otherwise disclosing Protected Material which are filed with (or otherwise submitted to) the Court shall be publicly filed with only those portions containing or discussing Protected Material redacted. The unredacted briefs, motions or other papers may be filed with a motion to

seal. All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate, at the place on the document where the Protected Material is or was located." (*Id*. ¶ 11).

5.      On September 23, 2020, Plaintiff filed a motion to seal concerning Plaintiff's Brief in Support of Motion for Summary Judgment (ECF 71) and Plaintiff's Evidentiary Submissions in Support of Motion for Summary Judgment (ECF 72), together with unredacted copies of exhibits attached. (ECF 73). On October 6, 2020, this Court entered a text order granting Plaintiff's motion. (ECF 82).

6.      On September 23, 2020, Defendant filed a motion to seal concerning Defendant's brief in support of its motion for summary judgment (ECF 75) and the exhibits attached to it. (ECF 76). On October 6, 2020, this Court entered a text order granting Defendant's motion. (ECF 83).

7.      On October 14, 2020, Defendant filed two more motions to seal, concerning (1) an unredacted copy of Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF 70) and the exhibits attached that contain confidential information; and (2) unredacted copies of two exhibits to Defendant's Response in Opposition to Plaintiff's Motion in Limine to Exclude Stephen Burns' Expert Opinion (Doc. 77). (ECF 88 & 90). On October 15, 2020, this Court entered text orders granting Defendant's motions (ECF 93-94).

8.      That same day, Plaintiff filed another motion to seal concerning unredacted copies of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Evidentiary Submissions in Opposition to Defendant's Motion for Summary Judgment, together with unredacted copies of exhibits attached. (ECF 92). On October 15, 2020, the Court entered a text order granting Plaintiff's Motion. (ECF 95).

9.      On October 26, Defendant filed a motion to seal concerning an unredacted copy of Defendant's Reply in Support of Motion for Summary Judgment (Doc. 74). (ECF 99). On October 27, the Court entered a text order granting Defendant's Motion. (ECF 103).

10.     Also on October 26, Plaintiff filed a motion to seal concerning an unredacted copy of Plaintiff's Reply Brief in Support of Motion for Summary Judgment. (ECF 102). On October 27, 2020, this Court entered a text order granting Plaintiff's Motion. (ECF 104).

11.     None of the docket entries concerning these seven text orders (ECF 82, 83, 93, 94, 95, 103, and 104) state any grounds for sealing these filed documents.

12.     As of the filing of this Motion, several documents filed in this action remain under seal and unavailable to the public, including but not limited to the documents identified above.

13.     There are no publicly-filed orders stating the factual or legal basis for sealing these documents. The Court's text orders grant the motions to file under seal without articulating a rationale for granting them.

4

And the motions to seal do not state any factual or legal basis for sealing specific to each document concerned. (*See, e.g.,* ECF 76).

## LAW

There is a "strong common law presumption in favor of public access" regarding court records under the U.S. Constitution and common law. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570–71 (11th Cir. 1985) (*citing Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The public's common-law right of access to judicial proceedings is an essential component of our justice system that is instrumental in securing the integrity of the judicial process. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311 (11th Cir. 2001) (*citing Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)). It establishes a presumption that criminal and civil actions should be conducted publicly, which includes the right to inspect and copy public records and documents. *Id*. (*citing Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978)).

To be sure, the public's common-law right of access to judicial records is not absolute. *Id.* at 1311. The decision whether to release judicial records lies within the Court's discretion. *Id*. But in exercising that discretion, a court "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Id*. (quotations omitted). Similar to the standard under Federal

Rule of Civil Procedure 26, the Court must balance competing interests in making its determination. *Id*. Relevant factors in the balancing test include "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) (*citing Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598–603 & n.11 (1978)).

Significantly, parties seeking to have filings and exhibits restricted from public access bear the burden of making a particularized showing with respect to each and every sealed item. *Church v. Accretive Health, Inc.,* No. CV 14-0057-WS-B, 2015 WL 7572338, at *2–3 (S.D. Ala. Nov. 24, 2015), *aff'd,* 654 F. App'x 990 (11th Cir. 2016) (noting that this standard must be applied to each filing or exhibit separately, including each portion of any such document).

Traditionally, courts distinguish between items that are properly considered public or judicial records and those that are not. *Chicago Tribune Co.*, 263 F.3d at 1311. For example, the common-law right of access does not generally apply to discovery materials because those materials are not considered public documents or judicial records. *Id*. In contrast, material filed in connection with dispositive and other pre-trial motions is subject to the right of access. *See, e.g., Romero v. Drummond*

6

*Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001) ("[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right...."); *see also Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 121–23 (2d Cir. 2006) (collecting cases from the First, Second, Third, Fourth, and Ninth Circuits holding that documents submitted in support of a motion for summary judgment are "judicial records").

Additionally, there are certain circumstances where "the common-law right of access demands heightened scrutiny of a court's decision to conceal records from the public and the media." *Chicago Tribune Co.*, 263 F.3d at 1311. An example would be where the court seals the entire record and does not distinguish between documents that are sensitive or privileged and those that are not. *Id.* In those circumstances, "it must be shown that 'the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'" *Id.* (*quoting Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)); *see also Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1015 (11th Cir. 1992). This heightened scrutiny also applies in situations "where, as in the present case, the [court] attempts to deny access in order to inhibit the disclosure of sensitive information[.]" *Wilson*, 759 F.2d at 1571 (11th Cir. 1985).

Here, only documents actually filed with the Court and related to the parties' cross-motions for summary judgment are at issue. The only bases

offered by the parties for sealing these records were perfunctory motions to file under seal that referenced the Protective Order (which allowed the parties to mark information as confidential), but articulated no specific factual or legal grounds for sealing. As noted above, however, documents filed in connection with a dispositive motion are subject to the right of access.

To seal court records or portions thereof, a court must set forth specific findings and conclusions that justify nondisclosure to the public. *See Chicago Tribune Co.*, 263 F.3d at 1314 (findings of fact must be sufficiently detailed to permit meaningful appellate review). The mere existence of a protective order is insufficient cause to seal a filed document. Where the material is subject to a protective order under Rule 26, "the fact that sealed material is subsequently submitted in connection with a substantive motion does not mean that the confidentiality imposed by Rule 26 is automatically forgone." *Chicago Tribune Co.*, 263 F.3d at 1313. Rather, a court must first conduct the common-law right-of-access balancing test, under the Rule 26 good-cause standard, before disclosure is appropriate. *Id*.

## ARGUMENT

One of the fundamental premises of American jurisprudence is that the people have a right to know what occurs in their courts. *See Craig v. Harney*, 331 U.S. 367, 374 (1947) ("What transpires in the courtroom is

public property."). Because most citizens cannot afford the time to attend courtroom proceedings or review court records, the media play a vital role in informing the public about what happens in their courts. This powerful, centuries-long tradition of openness supports and nourishes public confidence in the vitality and fairness of our judicial system.

In this action, the parties entered a Protective Order (ECF 47) that allowed each party to designate particular documents as confidential and subject them to protection. The parties then sought to seal numerous documents submitted in summary-judgment filings. By stipulating to the Protective Order, the parties circumvented the need to litigate their claims to protection for each individual document they sought to seal, at least until the sealing was challenged. *See Chicago Tribune Co.*, 263 F.3d at 1307.

Further, if any factual or legal justification existed at the time these various documents were filed, or if such justification continues to exist today, there is no evidence in the record of what that purported justification is, other than general references to the Protective Order. Even through the date this Motion is filed, the Court has not made findings or conclusions in any publicly available order concerning the justification for the current closure of these records. Indeed, there is no evidence in the record, even in the descriptions visible on PACER, that any party has attempted to lay before the Court a factual or legal foundation for the sealing of the specific documents at issue. No party has attempted to justify sealing to this Court aside from blanket references to a protective order, but these are not

sufficient bases for the sealing that has occurred. Further, the Court has never weighed any factual or legal bases or made findings or conclusions concerning them.

The Commercial Appeal should be permitted to intervene under Fed. R. Civ. P. 24(a)(2) because it "claims an interest relating to the property or transaction that is the subject of the action and [The Commercial Appeal] is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest." On behalf of the public and on its own behalf, The Commercial Appeal seeks here to present and vindicate a constitutional right of access under the First Amendment and the right of common-law access to filed court records. The facts here demonstrate that no existing party to this action adequately represents those interests; in fact, the existing parties may have been responsible for their infringement.

In the alternative, The Commercial Appeal should be permitted to intervene under Fed. R. Civ. P. 24(b)(1)(B) because its claim for access to the records in this case "shares with the main action a common question of law or fact." The parties have sought to deny public access to the now-sealed documents; The Commercial Appeal seek access to those same documents and to have this Court reverse the relief it granted to the parties on sealing. The Commercial Appeal contends, and would argue as intervenor, that denying the public and press access to the court records in this case constitutes a violation of: (a) the First Amendment right of the

10

public and press to access court records; and (b) the right of the public and press to access court records under common law. The common question of law concerning the constitutionality of sealing these records is presumably based on the same facts – whatever they may be – that the parties will contend supported sealing.

Finally, *The Commercial Appeal* has standing to intervene in order to petition for access to court proceedings and records. *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC,* 918 F.3d 1161, 1170 (11th Cir. 2019) (*citing In re Petition of Tribune Co.,* 784 F.2d 1518, 1521 (11th Cir. 1986)); *see also Hamm v. Dunn,* No. 2:17-CV-02083-KOB, 2018 WL 2431340, at *1 (N.D. Ala. May 30, 2018), *aff'd sub nom. Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC,* 918 F.3d 1161 (11th Cir. 2019) (granting three non-party media entities' motion to intervene and unseal judicial records).

For these reasons, *The Commercial Appeal* requests that the Court (1) grant it permission to intervene in this action for the limited purpose of presenting this Motion; (2) unseal all documents filed in this action now under seal; (3) enter upon the record a decision stating the grounds for closure as to any document filed in this action that the Court decides not to unseal; and (4) hold a hearing on this Motion.

Respectfully submitted,

/s/ *Aaron G. McLeod*
Aaron G. McLeod
ASB-8589-A57M
Lucian T. Pera (*pro hac vice* admission pending)
J. Bennett Fox, Jr. (*pro hac vice* admission pending)
ADAMS AND REESE LLP
6075 Poplar Ave., Suite 700
Memphis, Tennessee 38119
Tel: (901) 524-5278
Fax: (901) 524-5378
lucian.pera@arlaw.com
ben.fox@arlaw.com
aaron.mcleod@arlaw.com
**Counsel for Memphis Publishing Company**

## CERTIFICATE OF CONSULTATION

I hereby certify that on February 8, 2021, counsel for proposed Intervenor *The Commercial Appeal*, consulted with counsel for the Defendant, and Defendant agrees with in part and opposes in part the relief requested in this Motion. Additionally, counsel for *The Commercial Appeal* consulted with counsel for Plaintiff via email on February 3 and 9, 2021, and Plaintiff has not yet indicated whether it agrees with or opposes this motion.

/s/ *J. Bennett Fox, Jr*
J. Bennett Fox, Jr.
(*pro hac vice* admission pending)

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification to all counsel of record:

**Caine O'Rear , III**
HAND ARENDALL HARRISON
SALE LLC
PO Box 123
Mobile, AL 36601
251-432-5511
Fax: 251-694-6375
corear@handarendall.com

**Edward Shane Black**
Hand Arendall Harrison Sale, LLC
102 South Jefferson Street
Athens, AL 35611
256-232-0202
Fax: 256-233-2407
sblack@handfirm.com

**Larry David Blust**
HUGHES SOCOL PIERS
RESNICK DYM, LTD
70 West Madison Street, Ste 4000
Chicago, IL 60602
312-604-2672
Fax: 312-604-2673
lblust@hsplegal.com

***Attorneys for Plaintiff Nuclear
Development LLC***

**Matthew H. Lembke**
**Riley Alexander McDaniel**
BRADLEY ARANT BOULT
CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
521-8000
Fax: 488-6560
mlembke@babc.com
rmcdaniel@bradley.com

**David D. Ayliffe**
**Jill McCook**
TENNESSEE VALLEY
AUTHORITY
OFFICE OF THE GENERAL
COUNSEL
400 West Summit Hill Drive, Wt6
Knoxville, TN 37902-1401
865-632-8964
Fax: 865-632-6718
ddayliffe@tva.gov
jemccook@tva.gov

***Attorneys for Defendant
Tennessee Valley Authority***

/s/ Aaron McLeod