# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NUCLEAR DEVELOPMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TENNESSEE VALLEY ) <br> AUTHORITY, ) <br> ) <br> Defendant. ) | Case No.: 5:18-CV-01983-LCB <br><br> **OPPOSED** |

## DEFENDANT'S MOTION TO DISQUALIFY LARRY BLUST FROM PARTICIPATION AT TRIAL AS ATTORNEY FOR PLAINTIFF

Defendant Tennessee Valley Authority ("TVA") moves to disqualify Larry Blust from participating as counsel for Nuclear Development LLC ("ND") at the trial of this case. In support of this motion, TVA offers the following grounds:

1. Mr. Blust is counsel of record for ND in this case. But Mr. Blust also is an officer of ND and is listed on both parties' witness lists as a witness that both parties "expect to call" as a "live witness." *See* Docs. 109 & 112.

2. On December 10, 2018, the Court ordered that Mr. Blust could appear before the Northern District of Alabama *pro hac vice*. Doc. 10. In Mr. Blust's Motion for Admission *Pro Hac Vice*, he "agree[d] to comport himself in accordance with the Code of Professional Responsibility of the United States District Court for the Northern District of Alabama, in his practice before this Honorable Court." Doc.

8. And under Rule 83.1 of the Northern District of Alabama Local Rules, "[e]ach attorney who is admitted to the bar of this court or who appears in this court" *pro hac vice* "is required to be familiar with, and shall be governed by, the Local Rules of this court; and, to the extent not inconsistent with the preceding, the **Alabama Rules of Professional Conduct adopted by the Alabama Supreme Court**; and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct, except Rule 3.8(f) thereof." L.R. 83.1(f) (emphasis added).

3. The Alabama Rules of Professional Conduct are clear: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." Ala. R. Pro. Conduct 3.7(a). As the Alabama Bar put it, Rule 3.7 "continues the traditional and well established proposition that a lawyer who represents a client in a litigated matter may not also appear in that matter as a witness." Ala. Bar Advisory Op. 1991-19 (April 17, 1991). Accordingly, when a lawyer is a necessary witness, he "must withdraw as counsel at the trial unless [his] testimony relates to an uncontested issue or withdrawal would cause a substantial hardship on [his] client." *Id*.

4. Mr. Blust will certainly be a necessary witness—indeed, both parties have indicated that they expect to call Mr. Blust as a witness live at trial, Docs. 109 & 112, which should come as no surprise based on Mr. Blust's involvement in the underlying matter as ND's General Counsel.

5. Moreover, the limited exceptions to Rule 3.7 do not apply here. *First*, Mr. Blust's testimony relates to contested issues of fact. For example, he likely will testify about discussions with TVA concerning the legality of closing prior to transfer of the construction permits in the weeks preceding the November 30, 2018 closing. *See, e.g.*, Doc. 86 at ¶¶ 73–75. *Second*, Mr. Blust's testimony is unrelated to "the nature and value of legal services rendered in the case." Ala. R. Pro. Conduct 3.7(a)(2). *Third*, Mr. Blust's disqualification from participation at trial will not create a hardship for ND. ND also is represented by Caine O'Rear—who has taken each of ND's depositions and argued on behalf of ND at the motion to dismiss and motion for summary judgment hearings—as well as Shane Black. *See, e.g.*, *United States v. Hastie*, No. CR 14-00291-CG-N, 2015 WL 13310083, at *6 & n.8 (S.D. Ala. Mar. 30, 2015) (ruling that lawyer-witness was disqualified from participating as an advocate at the trial, while noting that the defendant "ha[d] three counsel of record and w[ould] continue to be represented at all stages of th[e] action by two other counsel of her choice"). As a result, Mr. Blust cannot remain counsel for ND at the trial of this case.

6. TVA has raised repeatedly this issue with counsel for ND since the earliest stages of the case, but ND continues to insist that Mr. Blust will be present in the courtroom at trial and will not withdraw as a lawyer for ND. When Mr. Blust questioned why he was subject to Alabama's rules on this point, counsel for TVA urged Mr. Blust to call the Alabama State Bar to discuss his ethical responsibilities in this situation. In addition, when TVA's counsel asked Mr. O'Rear on March 23, 2021, what was ND's basis for opposing disqualification, Mr. O'Rear declined to answer, stating that he would explain it in ND's opposition to TVA's motion.

7. Because Mr. Blust has not voluntarily withdrawn from the case, the Court should disqualify him from participating as counsel for ND at trial.

WHEREFORE, PREMISES CONSIDERED, TVA requests that this Court disqualify Mr. Blust from acting as counsel for ND at the trial of this case.

Respectfully submitted this 25th day of March, 2021.

s/ Matthew H. Lembke  
Attorney for Defendant

OF COUNSEL:

Matthew H. Lembke  
Riley McDaniel  
BRADLEY ARANT BOULT CUMMINGS LLP  
1819 Fifth Avenue North  
Birmingham, Alabama 35203-2119  
Telephone: (205) 521-8000  
Facsimile: (205) 521-8800  
mlembke@bradley.com

        rmcdaniel@bradley.com

        David D. Ayliffe
        Ibrahim M. Berro
        Jill McCook
        Office of the General Counsel
        TENNESSEE VALLEY AUTHORITY
        400 West Summit Hill Drive, WT6
        Knoxville, Tennessee 37902
        Telephone: (865) 632-3052
        ddayliffe@tva.gov
        jemccook@tva.gov
        imberro@tva.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record:

>Caine O'Rear, III
>HAND ARENDALL HARRISON SALE, LLC
>Post Office Box 123
>Mobile, Alabama  36601
>corear@handarendall.com
>
>Edward Shane Black
>HAND ARENDALL LLC
>102 South Jefferson Street
>Athens, Alabama  35611
>sblack@handarendall.com
>
>Larry David Blust
>HUGHES SOCOL PIERS RESNICK DYM, LTD.
>70 West Madison Street, Suite 4000
>Chicago, Illinois  60602
>lblust@hsplegal.com

>           *s/ Matthew H. Lembke*
>                OF COUNSEL