# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NUCLEAR DEVELOPMENT, LLC, § § Plaintiff, § § vs. § § TENNESSEE VALLEY AUTHORITY, § § Defendant. § | CIVIL ACTION CASE NUMBER: 5:18-cv-01983-LCB |

### PLAINTIFF'S OPPOSITION TO MOTION TO DISQUALIFY

Nuclear Development, LLC ("ND") opposes Tennessee Valley Authority's ("TVA") motion to disqualify Larry Blust (Doc. 154) as follows:

TVA moves to disqualify Larry Blust, ND's General Counsel, on the grounds that he is violating Rule 3.7 of the Alabama Rules of Professional Conduct. Rule 3.7 provides that "[a] lawyer shall not act as an *advocate* at a trial in which the lawyer is likely to be a necessary witness…" Ala. R. Pro. Conduct 3.7(a) (emphasis added). Because Blust will not act as an advocate at trial, Rule 3.7 does not even apply. Blust will not question any witnesses at trial nor will he present any arguments to the Court. The language of Rule 3.7 simply does not require a lawyer to withdraw as counsel of record as TVA requests.

Even if Rule 3.7 were applicable, it does not warrant the Court disqualifying Blust as counsel for ND in this case. "[T]he only justification for the attorney testimony rule that might be viewed as affecting the rights of the opposing party is that derived from the fear that the jury will either accord such testimony undue weight, or will be unable to distinguish between the attorney's testimony, offered under oath, and his legal argument, offered in

rhetorical support of his client's case…this justification is inapplicable where, as here, the testimony is made to a judge, not a jury." *Crowe v. Smith*, 151 F.3d 217, 233–34 (5th Cir. 1998); *see also Duncan v. Poythress*, 777 F.2d 1508, 1515 (11th Cir. 1985)(advocate-witness rule is not applicable when "a judge was the trier of fact, thus, there was no danger that the trier of fact could not distinguish between testimony and advocacy… [and the attorney] was not put in the 'unseemly and ineffective position of arguing her own credibility' because she did not act as an advocate during the course of the trial, rather, such duties were performed by other lawyers"). This case is a bench trial and the undersigned, not Blust, will act as trial counsel. "Thus, there is no danger that the trier of fact cannot distinguish between [Blust's] testimony and advocacy. Furthermore, [Blust] will not act as [an] advocate[ ] during the course of the trial," meaning Rule 3.7 does not require disqualification. *Matter of Historic Macon Station Ltd. P'ship*, 126 B.R. 816, 820 (Bankr. M.D. Ga. 1991).

The authority cited by TVA actually supports denial of its motion to disqualify. The *Hastie* decision involved a criminal jury trial and, even there, the Court determined that full disqualification was not warranted and the lawyer was only prohibited from as <u>acting as an advocate at trial</u> or in any way holding himself out as counsel <u>in the presence of the jury</u>. *United States v. Hastie*, No. CR 14-00291-CG-N, 2015 WL 13310083, at *6 (S.D. Ala. Mar. 30, 2015). Furthermore, the Bar Advisory opinion cited by TVA demonstrates that disqualification is not warranted. The opinion noted that "[t]he third exception [3.7(a)(3)] to the lawyer witness rule is the most important because it permits an equitable balancing of the interests of the parties." Ala. Bar Advisory Op. 1991-19 (April 17, 1991).

2

TVA makes no argument that Blust's continued representation of ND would prejudice TVA. In contrast, ND would be prejudiced if Blust is disqualified at this juncture. He has been General Counsel for ND since its inception, and he has represented Franklin Haney, the principal of ND, for thirty-eight (38) years. Moreover, Blust has extensive personal knowledge of the parties and the facts of the case.

TVA's motion should be denied.

Respectfully submitted,

/s/ Caine O'Rear III
CAINE O'REAR III (OREAC6985)
HAND ARENDALL HARRISON SALE LLC
P. O. Box 123
Mobile, AL  36601
(251) 432-5511
corear@handfirm.com


E. SHANE BLACK (BLACE7644)
HAND ARENDALL HARRISON SALE LLC
102 S. Jefferson Street
Athens, AL  35611
(256) 232-0202
sblack@handfirm.com


LARRY D. BLUST (*pro hac vice*)
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2672
lblust@hsplegal.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that, on March 26, 2021, I filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Matthew H. Lembke, Esq.<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203<br>mlembke@bradley.com | David D. Ayliffe, Esq.<br>OFFICE OF THE GENERAL COUNSEL<br>Tennessee Valley Authority<br>400 West Summit Hill Drive, WT6<br>Knoxville, Tennessee 37902<br>ddayliffe@tva.gov |

*/s/ Caine O'Rear III*