FILED
2021 Apr-07  AM 08:28
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| NUCLEAR DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:18-CV-01983-LCB |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM REGARDING ISSUES REMAINING FOR TRIAL

Defendant Tennessee Valley Authority ("TVA") submits this memorandum concerning the issues that remain for trial.

## INTRODUCTION

In last week's thorough 55-page order, the Court made several key legal rulings. In light of those rulings, the opinions offered by the parties' experts are no longer relevant, nor is a substantial amount of fact evidence still relevant. Although the Court may exercise its discretion to depart from its prior legal rulings in appropriate circumstances, there are no such circumstances here and courts do not routinely revisit legal questions that have already been decided. Instead, under settled principles, prior rulings by the same court are only disturbed when extraordinary circumstances exist, such as when there is an intervening change in

the controlling law.  No such extraordinary circumstances exist here, so this Court should apply its earlier rulings to determine what issues remain for trial and, thus, the scope of what evidence is admissible.

## I.     The Court must determine the applicable substantive law in order to determine what fact and expert evidence is relevant for trial.

In order to determine what evidence is relevant at trial, the Court must first determine the applicable substantive law.  "Evidence must . . . be relevant to be admissible." *Woodard v. Town of Oakman, Ala.*, 970 F. Supp. 2d 1259, 1266 (N.D. Ala. 2013). "Evidence is considered relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; **and (b) the fact is of consequence in determining the action**.'" *Id.* (quoting Fed. R. Evid. 401) (emphasis added).  "If the evidence is offered to prove a fact not in issue under substantive law then, while it might be probative of that fact, it is nonetheless not relevant under Rule 401." Weinstein's Federal Evidence § 401.04 (2d ed.).

Similarly, expert testimony is only allowed under Rule 702 if it "will help the trier of fact . . . to determine a fact in issue."  Fed. R. Evid. 702(a).  Necessarily, if a court's substantive legal rulings have taken an issue off the table, then there remains no fact in issue for which the expert testimony could assist the court.

II.   **The Court has made determinations concerning the applicable substantive law that render certain fact and expert evidence irrelevant and inadmissible.**

This Court has made substantive rulings on the applicable law that have significantly narrowed the issues remaining for trial.  There is no reason whatsoever why Nuclear Development ("ND") should be permitted to present fact and expert evidence on issues that are foreclosed by the Court's legal rulings.

The Northern District of Georgia in 2015 confronted a situation closely similar to the one now before this Court.  In *Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, the court refused to allow evidence at trial related to issues that the court had decided as a matter of law in denying the parties' motions for summary judgment. 2015 WL 4727143, at *2, *7 (N.D. Ga. Aug. 10, 2015).  Before trial, the plaintiff moved to prohibit the defendant "from introducing evidence or making arguments regarding" certain "issues that were resolved by the Court's" summary judgment order. *Id*. at *7.   The court emphasized that in its summary judgment order, it decided the issues "as a matter of law." *Id*.  "Because these questions of law were decided by the Court in its Order denying Defendant's Motion for Summary Judgment," the court held that the defendant was "prohibited from introducing evidence or making arguments that contradict[ed] the Court's [summary judgment order]." *Id*.

3

TVA addresses the Court's key legal rulings in the following sections that impact the evidence that is now inadmissible and should not be allowed at trial.

### A. The Court has ruled on the legality of closing in light of the Atomic Energy Act and the construction permits.

This Court ruled that the construction permits did not by themselves preclude TVA's conveyance of the Bellefonte site to ND without NRC approval of transfer of the permits (Doc. 165 at 31-36),[1] but that Section 101 of the Atomic Energy Act ("AEA") does preclude such a conveyance without that NRC approval (Doc. 165 at 36-52). This Court's rulings on those points did not turn on facts that could change if additional evidence were allowed at trial. Instead, the Court's ruling on the construction permits turned on its parsing of the meaning of the terms of the permits and applicable NRC regulations. In a similar vein, the Court based its AEA ruling on multiple NRC precedents and the longstanding case law directing courts to give broad deference to that agency's interpretation of the AEA.

In light of this Court's rulings, there is no need at trial for the expert testimony of either Mr. Repka (ND's expert) or Chairman Burns (TVA's expert). Both were going to testify concerning the legality of TVA's conveyance of the property in November 2018 that the Court's ruling now has conclusively resolved. Likewise,

---

[1] TVA disagrees with the Court's ruling on this point, but realizes that the Court made an as-a-matter-of-law ruling after having heard the parties' arguments on summary judgment.

any fact evidence that the parties intended to introduce at trial pertaining to that issue is now irrelevant and inadmissible.

### B. The Court has ruled on the applicability of equitable estoppel.

The Court also ruled that its legal determination concerning the AEA foreclosed ND's equitable estoppel argument. Doc. 165 at 53. Because the equitable estoppel argument fails as a matter of law, no evidence in support of it remains relevant.

### C. The Court has ruled that Section 6(a)(v) of the contract is not ambiguous.

The Court has also already ruled as a matter of law that Section 6(a)(v) of the contract between ND and TVA is unambiguous, so no extrinsic evidence concerning the meaning of the contract can be introduced at trial. As this Court noted, where the contract language is unambiguous, "its legal effect is a question of law that may be resolved summarily." Doc. 165 at 25 (internal citations, ellipsis, and quotations omitted). This Court then determined that "[t]he language of Section 6(a)(v) . . . is unambiguous," *id.* at 26 and it rejected as a matter of law ND's contrary arguments based on other provisions in the contract. Doc. 165 at 27-30. In light of that ruling, no evidence concerning the meaning of that contract term or the negotiation of it should be permitted at trial.

### III.   There is no basis for the Court to revisit its determination of the applicable substantive law.

There is no basis for this Court—just a week after issuing its order—to revisit the key legal rulings contained in it.  "A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment."  Wright & Miller, Fed. Prac. & Proc. Juris. § 4478.1 (2d ed.).  "[T]he law of the case doctrine expresses the general rule that courts will not reopen issues that have already been decided."  James Wm. Moore, Moore's Fed. Prac. § 134.21 (3d ed.).

As the Supreme Court has explained, "the [law-of-the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented*, 466 U.S. 144 (1984).  Unlike the doctrines of res judicata and collateral estoppel, the law-of-the-case doctrine does not require the court to stick with its prior ruling.  Instead, "[l]aw of the case directs a court's discretion." *Id*.  As a result, "[a] court has the power to revisit prior decisions of its own . . . , although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation omitted); *see QBE Ins. Corp. v. Whispering Pines Cemetery, LLC*, 2014 WL 2921908, at *4 (S.D. Ala. June 27,

2014) (refusing to revisit a prior ruling granting in part and denying in part a summary judgment motion because there would be no "manifest injustice" in sticking with prior ruling).  An example of when a court should reexamine a prior legal ruling is when there has been an intervening change in the controlling law.  *See, e.g., Flint Elec. Membership Corp. v. Whitworth,* 68 F.3d 1309, 1312 (11th Cir. 1995), *modified*, 77 F.3d 1321 (11th Cir. 1996).

"Occasionally the undoubted power [of a court] to revise [its earlier rulings] is reflected in statements that law-of-the-case principles do not apply to trial-court rulings."  Wright & Miller, Fed. Prac. & Proc. Juris. § 4478.1 (2d ed.).  Indeed, even the Eleventh Circuit has gotten caught up in this nomenclature trap from time to time.  *See, e.g., Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289 (11th Cir. 2009) ("law of the case applies only where there has been a final judgment" (citation omitted)).  But "[t]he policies that support adherence to earlier rulings without perpetual reexamination surely do apply, whatever label is used." Wright & Miller, Fed. Prac. & Proc. Juris. § 4478.1 (2d ed.).

The standard for deciding a motion for reconsideration is exacting, akin to the Supreme Court's standard to depart from the law of the case.  "A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Mitchell*

*v. Crowell*, 975 F. Supp. 1440, 1442 (N.D. Ala. 1997) (citation omitted). "The court will not reconsider a previous ruling when the party's motion fails to raise new issues and instead, only relitigates what has already been found lacking." *Id*. (citation omitted). "Courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id*. (citation omitted). None of these grounds is present here.

Whether described as an application of the law-of-the-case doctrine or merely the application of the high hurdle to reconsideration of a court's ruling, there is no basis for this Court to reconsider, let alone alter, its recent rulings. There certainly has been no intervening change in the controlling law, nor is there any credible argument that a change is needed to correct clear error or a manifest injustice. In addition, as described above, the Court's rulings were not dependent on facts that could differ from what is presented at trial. This Court has made its legal rulings, and now the evidentiary consequences of those rulings should be applied.

## IV. Nuclear Development in its complaint did not allege a breach of Section 9 of the parties' contract, so no evidence on that issue should be admitted at trial.

Although this Court indicated in its order that ND would be permitted to introduce evidence at trial concerning TVA's alleged breach of Section 9 of the

contract (Doc. 165 at 54-55), that evidence should not be permitted because ND did not make any reference to a breach of Section 9 in its complaint.  *See* Doc. 1.

"It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein L. Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015) (citation omitted). Failure to do so "doom[s] the claim pursuant to the standards of" *Twombly* and *Iqbal*. *Id*.  Thus, a complaint that "fail[s] to identify the specific contractual provisions that the defendant[] breached" is "insufficient to set forth a breach-of-contract claim." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 664 (11th Cir. 2015).  "At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached." *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) (citation omitted).

A plaintiff who does not identify in the complaint the specific contract provision alleged to have been breached cannot then inject the breach of that provision into the case by mentioning it at the summary judgment stage. *See Lemons v. Principal Life Ins. Co.*, -- F. Supp. 3d --,  2020 WL 6273741, at *7 (N.D. Ala. Oct. 26, 2020), *on reconsideration in part*, 2020 WL 7352514 (N.D. Ala. Dec. 14, 2020). In this circuit, a plaintiff simply cannot amend its complaint through arguments at the summary judgment.  *See Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013); *accord Lemons*, 2020 WL 6273741, at *7.

ND's failure to mention Section 9 in its complaint dooms its eleventh-hour attempt to put breach of that provision at issue at trial.  No evidence pertaining to that alleged breach should be allowed at trial.[2]

Respectfully submitted this 7th day of April, 2021.

_s/ Matthew H. Lembke_
Attorney for Defendant

OF COUNSEL:

Matthew H. Lembke
Riley McDaniel
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
rmcdaniel@bradley.com

David D. Ayliffe
Ibrahim M. Berro
Jill McCook
Office of the General Counsel
TENNESSEE VALLEY AUTHORITY
400 West Summit Hill Drive, WT6
Knoxville, Tennessee 37902
Telephone: (865) 632-3052
ddayliffe@tva.gov
jemccook@tva.gov
imberro@tva.gov

---

[2]     To the extent necessary, this Court should amend its order at pages 53-54 to reflect that Section 9 was not put at issue in ND's complaint, and the Court should deem this section of this memorandum as reflecting TVA's motion for such an amendment.  On that sole issue, the Court's order overlooked the absence of reference to Section 9 in ND's complaint, so the amendment is appropriate to reflect that clear error.

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record:

Caine O'Rear, III
HAND ARENDALL HARRISON SALE, LLC
Post Office Box 123
Mobile, Alabama  36601
corear@handarendall.com

Edward Shane Black
HAND ARENDALL LLC
102 South Jefferson Street
Athens, Alabama  35611
sblack@handarendall.com

Larry David Blust
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois  60602
lblust@hsplegal.com

*s/ Matthew H. Lembke*
OF COUNSEL