# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NUCLEAR DEVELOPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:18-CV-01983-LCB |
| ) | |
| TENNESSEE VALLEY ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DEFENDANT'S TRIAL EXHIBITS 22 AND 23

Defendant Tennessee Valley Authority ("TVA") submits this response in opposition to Plaintiff Nuclear Development's motion in limine for an order prohibiting TVA from introducing evidence related to (1) TVA Exhibit No. 22, Letter from Michael Lepre to Christopher Chandler re: Legal Opinion Regarding Bellefonte Nuclear Plant's NRC Construction Permits ("Pillsbury Letter"); and (2) TVA Exhibit No. 23, November 28, 2018 Email from Clifford Beach to Larry Blust cc Sherry Quirk re: Bellefonte Closing ("Beach Email").[1] (Doc. 168 at 1-2.). Nuclear Development claims that the Court should exclude these two exhibits

---

[1]     Copies of TVA Exhibit Nos. 22 and 23 are being submitted herewith as Exhibits 1 and 2, respectively.

because both constitute and/or contain inadmissible hearsay and because TVA did not disclose Michael Lepre under Rule 26(a)(1)(A)(i) or as an expert witness under Rule 26(a)(2). (*Id.* at 2.) Nuclear Development is wrong on both scores, and for the following reasons, its motion in limine is due to be denied.

1.   *First*, it is well-settled that, if the challenged statement is offered not "to prove the truth of the matter asserted" but for some other reason, it is not hearsay, and the statement is admissible for the non-hearsay purpose. *E.g., Macuba v. Deboer,* 193 F.3d 1316, 1323–24 & n.15 (11th Cir.1999). Here, Nuclear Development contends that the Pillsbury Letter "contain[s] a legal opinion relating to the sale of the Bellefonte property prior to NRC approval of transfer of the Bellefonte construction permits" (Doc. 168 at 2), and that TVA intends to offer the Pillsbury Letter and the Beach Email[2] "to prove the truth of the matters asserted in the [Pillsbury] letter." (*Id.* at 3.) Not so.

TVA does not intend to offer the Pillsbury Letter or the Beach Email for the truth of the legal opinion set forth and/or referenced in those documents. Indeed, the Court has ruled as a matter of law that, under Section 101 of the Atomic Energy Act ("AEA") and the NRC's implementing regulations, "TVA could not lawfully have

---

[2] Nuclear Development objects to the Beach Email because one sentence in that email "refer[s] to the Pillsbury Letter." (Doc. 168 at 3); *see also* Beach Email, Ex. 2 at 1 ("As to the Atomic Energy Act issue that TVA has been raising with increasing concern in recent weeks, we did receive an unequivocal opinion from Pillsbury today opining that ND's acquisition of the site would be unlawful under the Act.").

2

transferred the Bellefonte site to Nuclear Development without the approval of the NRC." (Order, Doc. 165 at 52.) The Court based its AEA ruling—not on the Pillsbury Letter—but on multiple NRC precedents and the longstanding case law directing courts to give broad deference to that agency's interpretation of the AEA. Thus, the truth of the legal opinion set forth in the Pillsbury Letter is no longer relevant.[3]

Accordingly, as it has all along, TVA intends to offer the Pillsbury Letter and the Beach Email for admissible non-hearsay purposes. Depending upon how the trial proceeds and the evidence offered by Nuclear Development, TVA may offer these documents as:

- evidence of the fact of TVA's receipt of a legal opinion letter on the AEA and construction permit issues. *United States v. Jennings,* 527 F.2d 862, 869 (5th Cir.1976) (stating that, where a statement is offered merely to show that the statement was made, then the statement is not considered hearsay); *see also* Fed. R. Evid. 801(c) Advisory Committee's Note (1972) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.").

---

[3] *See generally* Def.'s Mem. Regarding Issues Remaining For Trial (Doc. 172 at 3-5).

- evidence of the context for testifying witnesses' statements regarding TVA's request for and receipt of a legal opinion from Pillsbury on the AEA and construction permit issues. *See United States v. Cruz,* 508 Fed. Appx. 890, 899 (11th Cir.2013) (holding non-testifying witness's taped statements were not hearsay because they were offered not for their truth but as context for testifying witness's statements).

- evidence of TVA's intent in making the decision that it could not lawfully close on the sale of Bellefonte. *See Colonial Refrigerated Transp., Inc. v. Mitchell*, 403 F.2d 541, 551 (5th Cir. 1968) (out-of-court statement not hearsay if offered for the limited purpose of proving "knowledge, motive or intent" and not to prove the truth of the matter asserted).

- evidence to prove TVA's reliance on the Pillsbury Letter for its decision not to close on the sale of Bellefonte, *see Macuba v. Deboer,* 193 F.3d at 1324 n.15 (noting that an out-of-court statement offered to prove reliance and not for its truth is not hearsay (citing *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530 (5th Cir. 1992))).[4]

---

[4] The Court has noted Nuclear Development's disagreement on this point. (Doc. 165 at 19 & n.13).

- evidence of the timing of TVA's receipt of the Pillsbury letter, which Nuclear Development points out is "undated." (Doc. 168 at 2.)

2. *Second*, because TVA intends to offer the Pillsbury Letter and the Beach Email for non-hearsay purposes and because this is a bench trial, there is no basis to exclude these two exhibits before trial. "To exclude evidence on a motion in limine 'the evidence must be inadmissible on all potential grounds.'" *Burkhart v. R.J. Reynolds Tobacco Co.*, No. 309CV10727WGYHTS, 2014 WL 12617550, at *4 (M.D. Fla. Apr. 30, 2014) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). Nuclear Development's motion in limine comes nowhere close to making this showing, and as set forth above, there are numerous admissible purposes for which TVA may offer the Pillsbury Letter and the Beach Email.

And because district courts enjoy "wide discretion regarding evidentiary matters," *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1320 (11th Cir. 2019) (affirming, *inter alia*, district court's denial of motions in limine), "courts consistently reject premature efforts to exclude unintroduced evidence when the admissibility of such evidence may depend upon facts or legal issues not yet in play." *Hooper v. Midland Funding, LLC*, No. 2:19-CV-01601-HNJ, 2020 WL 7691374, at *4 (N.D. Ala. Dec. 16, 2020) (denying motion in limine as "premature") (internal quotation marks and alteration omitted); *see also Luce v. United States*, 469

U.S. 38, 41 (1984) (ruling on subtle evidentiary questions requires factual context); *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence.").

This is especially so where, as here, it is a bench trial, which as one court bluntly remarked, "mak[es] any motion in limine asinine on its face." *Cramer v. Sabine Transp. ¥Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001); *see also In re Matter of Taira Lynn Ltd.*, No. CV 13-0318-WS-C, 2016 WL 8234829, at *1 (S.D. Ala. Feb. 10, 2016) ("The rationale underlying pre-trial motions in limine does not apply in a bench trial."); *Alan L. Frank L. Assocs., P.C. v. OOO RM Inv.*, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016) (motions in limine "unnecessary in bench trials"); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2411 (3d ed.) ("[I]n a nonjury case the court should be slow to exclude evidence challenged under one of the exclusionary rules."). Indeed, "technical rulings on evidence will frequently frustrate the trial of a nonjury case and put the litigants to the trouble and expense of a new trial." *Builders Steel Co., v. Comm'r Internal Revenue*, 179 F.2d 377, 379 (8th Cir. 1950).[5]

---

[5] *See also id.* ("In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. . . . On the other hand, a trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted.").

Thus, as Judge Smith has observed in denying a motion in limine before a bench trial, the prudent course is for the court to "take up at trial any objections to evidence as it is sought to be introduced." *United States v. Jefferson Cty., Alabama*, No. CV-74-S-12-S, 2009 WL 10689702, at *4 (N.D. Ala. Mar. 25, 2009) ("The court is well aware of the requirements of Rule 602. Even so, it would not be appropriate to exclude *in limine* any evidence that might potentially violate Rule 602."); *see also Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.,* 320 F.3d 1213, 1216 (11th Cir.2003) (The standard of deference due the district court's evidentiary rulings is even greater in "a bench trial because it is presumed that the district judge will rely only upon properly admitted and relevant evidence."); *accord J.W. v. Birmingham Bd. of Educ.*, 143 F. Supp. 3d 1118, 1127 n. 3 (N.D. Ala. 2015) (denying motions in limine), *rev'd on other grounds sub nom. J W by & through Tammy Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248 (11th Cir. 2018).

3. *Third*, contrary to Nuclear Development's argument (Doc. 168 at 2), TVA had no obligation to disclose Michael Lepre under Federal Rule of Civil Procedure 26. Mr. Lepre has never been an individual whom TVA "may use to support its claims and defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Nor is Mr. Lepre a witness "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). And, in pointing out that "the Pillsbury Letter contains opinions exclusively on questions of law that are for the Court to decide" (Doc. 168

7

at 2), Nuclear Development undermines its own argument because Mr. Lepre, therefore, is not a trial witness who would "present evidence under Federal Rule of Evidence 702, 703, or 705," Fed. R. Civ. P. 26(a)(2)(A).[6]  Moreover, as explained *supra*, the Court now has decided the questions of law on which the Pillsbury Letter opined such that testimony related to these issues is no longer relevant, and in any event, TVA does not intend to offer the Pillsbury Letter for the truth of the legal opinion set forth therein.  Thus, Nuclear Development's disclosure-related objections to Michael Lepre miss the mark.

## CONCLUSION

For the reasons stated and upon the authorities cited, the Court should deny Nuclear Development's motion in limine to exclude evidence relating to the Pillsbury Letter and the Beach Email.

Respectfully submitted this 7th day of April, 2021.

*s/ Matthew H. Lembke*
Attorney for Defendant

---

[6]  Pursuant to Rule 26(a)(1)(A)(ii), TVA disclosed "[d]ocuments pertaining to the prohibition of the transfer or acquisition of an utilization facility subject to a construction permit without the prior approval of the NRC," a category which includes the Pillsbury Letter. (Exhibit 3, Def.'s Initial Disclosures at 4 (Mar. 27, 2019)). Nuclear Development does not dispute that TVA produced the Pillsbury Letter in discovery. (Doc. 168 at 2, 3).

<u>OF COUNSEL:</u>

Matthew H. Lembke
Riley McDaniel
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
rmcdaniel@bradley.com

David D. Ayliffe
Ibrahim M. Berro
Jill McCook
Office of the General Counsel
TENNESSEE VALLEY AUTHORITY
400 West Summit Hill Drive, WT6
Knoxville, Tennessee 37902
Telephone: (865) 632-3052
ddayliffe@tva.gov
jemccook@tva.gov
imberro@tva.gov

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record:

Caine O'Rear, III
HAND ARENDALL HARRISON SALE, LLC
Post Office Box 123
Mobile, Alabama  36601
corear@handarendall.com

Edward Shane Black
HAND ARENDALL LLC
102 South Jefferson Street
Athens, Alabama  35611
sblack@handarendall.com

Larry David Blust
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois  60602
lblust@hsplegal.com

                                *s/ Matthew H. Lembke*
                                OF COUNSEL