

FILED

2021 Apr-07  PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| NUCLEAR DEVELOPMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION CASE NUMBER: |
| vs. | § | |
| | § | 5:18-cv-01983-LCB |
| TENNESSEE VALLEY AUTHORITY, | § | |
| | § | <u>OPPOSED</u> |
| Defendant. | § | |

### <u>PLAINTIFF'S MEMORANDUM OF LAW CONCERNING</u>
### <u>THE LAW OF THE CASE DOCTRINE</u>

As requested by the Court, Plaintiff Nuclear Development, LLC ("ND") hereby submits this memorandum of law concerning the law of the case doctrine as it pertains to issues addressed in the Court's Amended Order (Doc. 165) denying the parties' cross-motions for summary judgment (hereinafter the "Order"). As set forth in the authorities cited below, an order denying summary judgment does not conclusively resolve any legal issue or find any fact and has no claim-preclusion or issue-preclusion effect. Consequently, the Order does not constitute the law of the case under that doctrine.

This Court has previously recognized that the law of the case doctrine is "manifestly inapplicable" to interlocutory, non-final orders such as denials of

summary judgment.  *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1143-44 (N.D. Ala. 2010).[1]  Similarly, *Moore's Federal Practice* clearly and explicitly instructs:

> [a] <u>denial of a motion for summary judgment cannot determine the law of a case</u> because it is an interlocutory order subject to reconsideration at any time before final judgment in the case. It does not conclusively resolve any legal issue or find any fact . . . and has no claim- or issue-preclusive effect. Therefore, <u>the law of the case doctrine does not apply to a denial of summary judgment motion</u>.

James Wm. Moore, 11 *Moore's Fed. Prac.* 3d § 56.121[1][c] (Lexis 2021) (emphasis added).[2]  As the Fifth Circuit has instructed, "[t]he law-of-the-case doctrine does not . . . set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error[,]" noting that "a district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders such as summary judgment motions, as those rulings are not immutable and lack res judicata effect."  *United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997). This is in keeping with the language of Rule 54(b), which specifically provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and

---

[1] Citing, among other cases, *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (denial of summary judgment is an interlocutory, not final, order); *Gregg v. U.S. Indus., Inc.*, 715 F.2d 1522, 1528 (11th Cir. 1983) ("Ordinarily law of the case applies only where there has been a final judgment and not to interlocutory rulings."); *Curran v. Kwon*, 153 F.3d 481, 486-88 & n.11 (7th Cir. 1998) ("[T]he denial of summary judgment … was not the law of the case and did not bind the court.").

[2] Citing Fed. R. Civ. P. 54(b); *Runyon v. Applied Extrusion Tech., Inc.*, 619 F.3d 735, 739 (7th Cir. 2010); *Mortimer v. Baca*, 594 F.3d 714, 720 (9th Cir. 2010); *Hoffman v. Tonnemacher,* 593 F.3d 908, 911 (9th Cir. 2010); *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1356 (Fed. Cir. 2009); *Mosley v. City of Northwoods*, 415 F.3d 908, 911 (8th Cir. 2005); *Fenney v. Dakota, Minn. & E. R.R. Co.*, 327 F.3d 707, 718 (8th Cir. 2003).

may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); *see also Delta Health Group Inc. v. U.S. Dep't of Health & Human Servs.*, 459 F. Supp. 2d 1207, 1227 (N.D. Fla. 2006) (under Rule 54(b), "a district court has the inherent power to reconsider and revise its orders in the interests of justice.").

The Eleventh Circuit's analysis in *F.D.I.C. v. Stahl*, 89 F.3d 1510 (11th Cir. 1996), is instructive. In *Stahl*, the district court denied the motion to dismiss filed by the defendant directors of a savings and loan association, but in doing so determined that a simple negligence standard (rather than a gross negligence standard) governed the defendants' actions in the case. *Id.* at 1514 n.7. In a later post-trial order setting aside the jury's verdict, the district court considered its earlier determination of the applicable standard of care to be "the law of the case." *Id.* The Eleventh Circuit found that "[t]his [wa]s incorrect" and that "[s]ince the denial of Defendants' motion to dismiss was not a final judgment, the decision regarding the standard of care was not the law of the case[,]" and then proceeded to analyze the appropriate standard of care to apply to the case. *Id.*

Similarly, this Court's denial of the parties' cross-motions for summary judgment is not a final judgment, and any findings of fact or conclusions of law in the Court's non-final Order are not the law of the case. Moreover, even if anything in the Court's non-final Order could be considered to be the law of the case (which

3

it is not), the law of the case doctrine would not restrict ND's ability to present evidence on its pending claims at trial. *See Trustees of Ind. Univ. v. Aetna Ca. & Sur. Co.*, 920 F.2d 429 (7th Cir. 1990) (finding that the law of the case doctrine did not bind the court to a statement made by it in the course of denying summary judgment when subsequent proceedings brought the statement into doubt, noting that "so long as the factual issue has not been brought to judgment, the parties should be free in the courts of the same proceeding to offer evidence on the issue."), *abrogated on other grounds by Watson v. Amedco Steel, Inc.*, 29 F.3d 274, 278 (7th Cir. 1994)); *Northeastern Pa. Freethought Society v. County of Lackawanna Transit Sys. (COLTS)*, 2017 WL 4319512, *1 (M.D. Pa. July 6, 2017) (in the context of a defendant's motion *in limine* to preclude revisiting at trial an issue addressed in the district court's order denying the parties' cross-motions for summary judgment, "the court finds that the law of the case doctrine *does not preclude the plaintiff from developing a full factual record at trial* related to the . . . issue and the defendant's motion in limine seeking to prevent the plaintiff from doing such will be denied.") (emphasis added).

This conclusion is further buttressed by the fact that any statements made by the Court in its non-final Order were made in the context of a summary judgment motion, where it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and

must resolve all reasonable doubts about the facts in favor of the nonmovant." *Twomey v. Waid*, 2021 WL 1208882 (N.D. Ala. March 31, 3021).  Accordingly, any statements made by the Court in its non-final Order should be interpreted only in light of the limited purpose for which it was made, *i.e.*, to determine whether summary judgment was appropriate, not for the purpose of finding facts or making legal conclusions on a full trial record disposing of the case on the merits.  *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 769 F. Supp. 599, 614 (D. Del. 1991) (finding that a judge's rulings or opinions made in the course of denying motions for summary judgment were not binding as the law of the case), *aff'd in part and rev'd in part on other grounds*, 988 F.2d 386 (3d Cir.), *cert. denied*, 510 U.S. 908 (1993); *see also Kutner Buick, Inc. v. American Motors Corp.*, 868 F.2d 614, 619 (3d Cir. 1989) (refusing to bind the parties to findings of fact made by the trial court in denying a motion for summary judgment, noting also that "[s]ince the record at a trial may be different [than the summary judgment record], such a preliminary ruling does not determine what issues should be submitted to the jury.").

Further, even if the Court were to consider any of the findings of fact or conclusions of law in its non-final Order to serve as the de-facto law of the case (which they are not), the exceptions applicable to that doctrine impliedly recognize that findings and conclusions in an opinion denying a motion for summary judgment are not set in stone. The Eleventh Circuit has indicated that the Court has the

discretion to change its mind based on the evidence at trial. *See United States v. Escobar-Urrego,* 110 F.3d 1556, 1561 (11th Cir. 1997) (noting an exception to a court's reliance on a prior ruling based on circumstances where the "evidence on a subsequent trial was substantially different."). The very existence of this exception indicates the ability of a party to present evidence at trial despite a prior ruling denying summary judgment.

While ND intends to file a motion to reconsider in order to identify the parts of the Court's Order that ND contests, ND contends that such a motion should not be necessary because any findings of fact or conclusions of law in the Order denying summary judgment are not the binding law of the case. The Court may hear different evidence or make certain factual findings based on the evidence at trial that may warrant different legal conclusions. The summary judgment stage of this litigation is over, and the Court is now tasked with assessing the evidence presented at trial and applying the law based on the facts presented at trial and not just those in the parties' summary judgment briefs.

As instructed by the Eleventh Circuit:

[t]o hold that a district court must rigidly adhere to its own rulings in an earlier stage of a case would actually thwart the purpose of the [law of the case] doctrine. New developments or further research often will convince a district court that it erred in an earlier ruling, or the court may simply change its mind. We believe it would be wasteful and unjust to require the court to adhere to its earlier ruling in such an instance.

*See Robinson v. Parrish*, 720 F.2d 1548, 1549-50 (11th Cir. 1983); *see also Palmer*, 122 F.3d at 220 ("The law-of-the-case doctrine does not . . . set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error."); Wright & Miller, 18B *Fed. Prac. & Proc. Juris.* 2d § 4478.1 (2020) ("All too often . . . a trial court could not operate justly if it lacked power to reconsider its own rulings as an action progresses toward judgment.  Far too many things can go wrong, particularly with rulings made while the facts are still undeveloped or with decisions made under the pressures of time and docket.").  Therefore, this Court should reject TVA's attempts to have the Court's interlocutory rulings turned into a final judgment.

For the reasons discussed above, the Court's Order denying both parties' cross-motions for summary judgment is not the law of the case.  ND intends to file prior to trial a motion for reconsideration of certain findings and conclusions reached in the Order.  As the case proceeds through trial and evidence on the issues is admitted, the Court is quite properly not constrained by the law of the case doctrine from changing its mind where the Court finds that its prior findings and/or conclusions are not supported by fact or law.

Respectfully submitted,


/s/ Caine O'Rear III
CAINE O'REAR III (OREAC6985)
HAND ARENDALL HARRISON SALE LLC
P. O. Box 123
Mobile, AL  36601
(251) 432-5511
corear@handfirm.com

E. SHANE BLACK (BLACE7644)
HAND ARENDALL HARRISON SALE LLC
102 S. Jefferson Street
Athens, AL  35611
(256) 232-0202
sblack@handfirm.com

LARRY D. BLUST (*pro hac vice*)
HUGHES SOCOL PIERS RESNICK DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 604-2672
lblust@hsplegal.com
**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I do hereby certify that, on April 7, 2021, I filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew H. Lembke, Esq.
mlembke@bradley.com
David D. Ayliffe, Esq.
ddayliffe@tva.gov


/s/ Caine O'Rear III

8