IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NUCLEAR DEVELOPMENT LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 5:18-CV-01983-LCB |
| TENNESSEE VALLEY AUTHORITY, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER AND VACATE PORTIONS OF SUMMARY JUDGMENT ORDER AND ENTER JUDGMENT IN PLAINTIFF'S FAVOR ON <u>PARTIAL FINDINGS PURSUANT TO RULE 52(c)</u>**

Defendant Tennessee Valley Authority submits this opposition to Plaintiff's Motion to Reconsider and Vacate Portions of Summary Judgment Order and Enter Judgment in Plaintiff's Favor on Partial Findings Pursuant to Rule 52(c) (Doc. 230).

## INTRODUCTION

Rehashing the same arguments that the Court has already considered and rejected, Nuclear Development ("ND") asks this Court to revisit the legal rulings from its 55-page summary judgment order. But this time, ND purports to submit its motion pursuant to Rule 52(c). In reality, the motion is a tardy and meritless motion for reconsideration. Rule 52(c) is not the appropriate vehicle to seek reconsideration

of the Court's summary judgment order issued more than a month before the start of trial. If ND wanted to seek reconsideration of the Court's legal rulings in the summary judgment order, ND should have done so long before the Court conducted a trial in which evidentiary submissions were limited by those legal rulings. In any event, ND comes nowhere close to meeting the high standard for reconsideration.

## I.     Rule 52(c) is not the proper vehicle to ask for reconsideration.

ND's motion is not a proper Rule 52(c) motion. The purpose of Rule 52(c) is to allow a court to enter judgment for the moving party on an issue when the nonmoving party has been fully heard on that issue during a nonjury trial. FED. R. CIV. P. 52(c); *accord Price v. Comm'r, Ala. Dep't of Corr.*, 772 F. App'x 827, 831 (11th Cir. 2019). In other words, the rule is an early trigger for a court's role as fact finder *during* a bench trial that requires the court to make credibility determinations and to weigh the evidence on *issues actually presented at trial*. *Denson v. United States*, 574 F.3d 1318, 1333 n.48 (11th Cir. 2009); *accord United States v. $242,484.00*, 389 F.3d 1149, 1172 (11th Cir. 2004) (Tjoflat, J., concurring). And Rule 52(c) "conserves time and resources by making it unnecessary for the court to hear evidence on additional facts when the result would not be different even if those additional facts were established." 9 MOORE'S FEDERAL PRACTICE § 52.50 [3] (3d ed. 2019).

2

Here, ND does not seek to use Rule 52(c)'s time-saving function to avoid further dispute of an issue based on evidence presented at trial. Nor could it. The Court prohibited the parties from presenting evidence at trial on the issues addressed in ND's motion. *See* Doc. 175. Nevertheless, ND tries to fit a square peg in a round hole—Rule 52(c) cannot be used to seek a belated reconsideration of this Court's earlier legal ruling. As a result, the Court should deny ND's motion.

## II.     ND was dilatory in filing the motion.

ND was dilatory in filing this motion—the Court structured the trial based on the legal rulings that ND now seeks to undo. On April 8, ND's lawyer told the Court: "We have offered to file a motion for reconsideration. I believe we could file it on Wednesday." Apr. 8, 2021, Hr'g Tr. 29:17-18. After that offer by ND to file six days later, the Court expressed to ND that it need not even file a motion: "There's no requirement for [ND to file a motion for reconsideration]. But I think something's going to have to be brought directly to my attention to cause me to allow any evidence to come in on something that we've already decided." Apr. 8, 2021, Hr'g Tr. 38:17-20. Yet despite the Court's accommodation, ND waited until the parties and the Court conducted a four-day trial with evidentiary submissions tailored to those legal rulings to move for reconsideration. As the Court put it: "[A]re we not better to operate from [ND's] side from a quick motion to reconsider now and get

that out of the way prior to trial?" Apr. 8, 2021, Hr'g Tr. 12:14-16. The answer to that question is yes.

There is no reasonable explanation for why ND waited so long to move for reconsideration. ND cannot have been waiting on evidence to come in at trial to move for reconsideration. The issues at trial were different than those ND addresses in its motion. And there is no intervening change in controlling law or new evidence which ND relies on for support in its motion that was previously unavailable to ND. Given ND's inexplicable delay, the Court should deny the motion.

### III. ND's motion fails to meet the high standard for reconsideration.

In addition to the procedural flaws in ND's motion, ND fails to meet the high standard required for reconsideration. "[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267-68 (N.D. Ala. 2006); *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012) (same). To obtain reconsideration, a party must show "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Reynolds v. Behrman Capital IV L.P*, 2020 WL 5816895 at *1 (N.D. Ala. Aug. 25, 2020) (quoting *Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)) (quotation marks omitted).

ND meets none of the established criteria for reconsideration. ND cites no new cases decided since the Court's summary judgment ruling that would qualify as an intervening change in controlling law. Similarly, there is not any new evidence that bears on these purely legal issues. And although ND claims the Court made a "clear error of law," ND simply rehashes its prior arguments which the Court fully considered before issuing its ruling. Thus, ND fails to meet the standard for reconsideration.

## **CONCLUSION**

For the foregoing reasons, TVA respectfully requests that the Court deny ND's motion.

*s/ Matthew H. Lembke*
Attorney for Defendant

OF COUNSEL:

Matthew H. Lembke
Riley McDaniel
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
rmcdaniel@bradley.com

David D. Ayliffe
Ibrahim M. Berro
Jill McCook
Office of the General Counsel
TENNESSEE VALLEY AUTHORITY

400 West Summit Hill Drive, WT6
Knoxville, Tennessee 37902
Telephone: (865) 632-3052
ddayliffe@tva.gov
jemccook@tva.gov
imberro@tva.gov

6

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 29, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record:

>Caine O'Rear, III
>J. Craig Campbell
>HAND ARENDALL HARRISON SALE, LLC
>Post Office Box 123
>Mobile, Alabama  36601
>corear@handarendall.com
>
>Edward Shane Black
>HAND ARENDALL LLC
>102 South Jefferson Street
>Athens, Alabama 35611
>sblack@handarendall.com

                              *s/ Matthew H. Lembke*
                                 OF COUNSEL