# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NUCLEAR DEVELOPMENT, LLC, § § | |
| Plaintiff, § § § | CIVIL ACTION CASE NUMBER: |
| vs. § § | 5:18-CV-01983-LCB |
| TENNESSEE VALLEY AUTHORITY, § § § | |
| Defendant. § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND FINAL JUDGMENT AND FOR ADDITIONAL FINDINGS

Plaintiff Nuclear Development, LLC ("ND") responds to Defendant's Motion to Alter or Amend Final Judgment and for Additional Findings (Doc. 254) as follows:

1. In awarding ND prejudgment interest at the rate of 7.5 percent per annum, the Court did not cite authority, but ND assumes the Court awarded such rate as it has the discretion to do by applying federal common law in a case involving federal question jurisdiction, as we have here. *ATM Exp., Inc. v. Montgomery, Ala.,* 516 F. Supp. 2d 1242, 1252 (M.D. Ala. 2007) ("In federal question cases, prejudgment interest is committed to the discretion of the district court"); se*e also Osterneck v. E.T. Barwick Indus., Inc*., 825 F.2d 1521, 1536 (11th Cir. 1987) (citing *Wolf v. Frank*, 477 F.2d 467, 479 (5th Cir. 1973) (affirming the Court's discretion

to award prejudgment interest as a matter of fairness when sitting in federal question jurisdiction).

2. TVA's cases are distinguishable. *Coast Fed. Bank, FSB* has nothing to do with an award of prejudgment interest. *Merrill Stevens Dry Dock* involved a right to prejudgment interest under a contract that was ongoing and continued in effect after an alleged breach. *Walker* was a diversity jurisdiction breach of contract case where the jury found the contract was breached and there was no apparent dispute about the rate of prejudgment interest.

3. TVA takes the position that Section 33 of the Purchase and Sales Agreement requires that both prejudgment and post-judgment interest should be at the rate of 6 percent per annum. TVA also takes the position that it did not breach the Agreement, which ND disputes and contends that TVA did, in fact, breach the Agreement in numerous respects. (*See, e.g.*, Docs. 259 and 260.) The Court, however, found that neither party breached the Agreement. (Doc. 246.)

4. Thus, if the Court interpreted Section 33 to require a breach of the Agreement, and where the Court found no breach by either party, then it appears the Court under such rationale exercised its discretion as allowed by federal law to award prejudgment interest at the rate 7.5 percent per annum in order to compensate ND fairly for the loss of use of its funds.

5.     If the Court grants either of ND's post-judgment motions to find that TVA breached the Agreement, then the Court may want to invite the parties to brief at a later date whether prejudgment interest at 6 percent or 7.5 percent per annum is more appropriate, but only if there is such a finding by the Court that TVA breached and the Court awards damages or other monetary relief as requested by ND. Otherwise, the award of 7.5 percent per annum prejudgment interest was within the Court's discretion and appropriate.

Respectfully submitted on this 1st day of October, 2021.

/s/ Caine O'Rear III
CAINE O'REAR III      (OREAC6985)
J. CRAIG CAMPBELL   (CAMPJ7981)
HAND ARENDALL HARRISON SALE LLC
P. O. Box 123
Mobile, AL  36601
(251) 432-5511
Fax: (251) 694-6375
corear@handfirm.com
ccampbell@handfirm.com

E. SHANE BLACK (BLACE7644)
HAND ARENDALL HARRISON SALE LLC
102 S. Jefferson Street
Athens, AL  35611
(256) 232-0202
sblack@handfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I do hereby certify that, on October 1, 2021, I filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew H. Lembke, Esq.
mlembke@bradley.com

David D. Ayliffe, Esq.
ddayliffe@tva.gov

                                        */s/ Caine O'Rear III*